**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111188

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Nicole Vouvounas,<br><br>    Plaintiff,<br><br>  vs.<br><br>Mercantile Adjustment Bureau, LLC and Northland Group, Inc.,<br><br>    Defendants. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Nicole Vouvounas (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Mercantile Adjustment Bureau, LLC and Northland Group, Inc. (hereinafter referred to collectively as "*Defendants*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Nicole Vouvounas is an individual who is a citizen of the State of New York in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Mercantile Adjustment Bureau, LLC, is a New York Limited Liability Company with a principal place of business in Erie County, New York.

8. On information and belief, Defendant Northland Group, Inc., is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes certain debts ("the debts").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts Plaintiff fell behind on payments owed.

14. The debts were incurred on credit cards.

15. The credit cards accrued interest.

16. The credit cards accrued late fees.

17. Thereafter, at an exact time known only to Defendants, the debts were assigned or otherwise transferred to Defendants for collection.

18. In its efforts to collect the debt assigned to it, Defendant Mercantile Adjustment Bureau, LLC contacted Plaintiff by letter dated March 10, 2016. (**"Exhibit 1."**)

19. In its efforts to collect the debt assigned to it, Defendant Northland Group, Inc. contacted Plaintiff by letter dated March 14, 2016. (**"Exhibit 1."**)

20. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### FIRST COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AS TO DEFENDANT MERCANTILE ADJUSTMENT BUREAU, LLC

21. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

23. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

24. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

25. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

26. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

27. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

28. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

29. The letter sets forth a "Current Balance."

30. The letter includes a settlement offer.

31. The letter fails to disclose whether the "Current Balance "may increase due to additional interest.

32. The letter fails to disclose whether the "Current Balance "may increase due to additional late fees.

33. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

34. The letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

35. The letters because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

36. The letter, because of the aforementioned failures, could be read by the least sophisticated consumer to mean that the "Current Balance" was static.

37. The letter, because of the aforementioned failures, could also reasonably read the letter to mean that the "Current Balance" was dynamic due to the continued accumulation of interest and/or late fees.

38. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the value of the settlement offer because the consumer would not know whether interest and fees would continue to accrue if the offers were not accepted.

39. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive under 15 U.S.C. § 1692e.

40. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it is deceptive under 15 U.S.C. § 1692e.

41. Mercantile Adjustment Bureau, LLC, violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**AS TO DEFENDANT NORTHLAND GROUP, INC.**

42. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

43. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

44. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

45. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

46. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

47. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

48. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

49. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

50. The letter sets forth a "Current Balance."

51. The letter includes a settlement offer.

52. The letter fails to disclose whether the "Current Balance "may increase due to additional interest.

53. The letter fails to disclose whether the "Current Balance "may increase due to additional late fees.

54. The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

55. The letter, because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt.

56. The letters because of the aforementioned failures, and especially because of the use of the word "Current," would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

57. The letter, because of the aforementioned failures, could be read by the least sophisticated consumer to mean that the "Current Balance" was static.

58. The letter, because of the aforementioned failures, could also reasonably read the letter to mean that the "Current Balance" was dynamic due to the continued accumulation of interest and/or late fees.

59. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the value of the settlement offer because the

BARSHAY | SANDERS_PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

consumer would not know whether interest and fees would continue to accrue if the offers were not accepted.

60. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive under 15 U.S.C. § 1692e.

61. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, it is deceptive under 15 U.S.C. § 1692e.

62. Northland Group, Inc. violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

### THIRD COUNT
### Violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), § 1692e(5), and § 1692e(10)
### AS TO DEFENDANT NORTHLAND GROUP, INC.

63. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

64. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

65. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

66. 15 U.S.C. § 1692e(5) prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

67. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to attempt to collect any debt.

68. The letter offers Plaintiff a settlement of $1061.10 on his alleged debt of $1414.80.

69. The settlement offered to Plaintiff would result in a debt discharge forgiveness of $353.70, if the amount of the debt was static.

70. The letter sets forth certain information concerning IRS reporting requirements for debt forgiveness.

71. The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because it was relevant.

72. The least sophisticated consumer would reasonably believe that Defendant included the IRS reporting requirements because the consumer's acceptance of the settlement

offer would have tax consequences.

73. 26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt to make a Form 1099-C return setting forth certain information about the individual and the discharge, unless the discharge is for less than $600.00.

74. Debt discharge forgiveness may not be reported as income when an exception applies.

75. The settlement offered to Plaintiff could not possibly have been reportable.

76. The settlement offered to Plaintiff could not possibly have been reportable because it would result in debt forgiveness of less than $600.00.

77. The settlement offered to Plaintiff could not possibly have been reportable under the relevant exceptions.

78. Defendant's inclusion of the IRS reporting requirements implies that the settlement may have tax consequences.

79. Defendant's implication that the settlement may have tax consequences is false.

80. Defendant's implication that the settlement may have tax consequences is a threat to take action that cannot legally.

81. Defendant's implication that the settlement may have tax consequences is a threat that is not intended to be taken by Defendant.

82. Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that the action will not happen.

83. Defendant's implication that the settlement may have tax consequences is misleading because it states that a certain action is possible even though Defendant has reason to know that there are facts that make the action unlikely.

84. Defendant's implication that the settlement may have tax consequences would likely lead the least sophisticated consumer to be misled into thinking that there will be adverse tax consequences for accepting Defendant's settlement offer.

85. Defendant's implication that the settlement may have tax consequences would likely be interpreted by the least sophisticated consumer to be a threat that any settlement will be reported to the IRS.

86. Defendant's implication that the settlement may have tax consequences when

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

viewed from the least sophisticated consumer's perspective would affect the consumer's decision concerning whether or not to accept Defendant's settlement offer.

87. Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for refusal to pay the debt.

88. Defendant's implication that the settlement may have tax consequences when viewed from the least sophisticated consumer's perspective would lead the consumer to believe the consumer could get in trouble with the IRS for obtaining any debt forgiveness.

For the foregoing reasons, the second Harley Letter violates 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(10).

## JURY DEMAND

89. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Damages against Defendant Mercantile Adjustment Bureau, LLC, pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant Northland Group, Inc., pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiff's costs; all together with

e. Such other relief that the Court determines is just and proper.

DATED: January 18, 2017

**BARSHAY SANDERS, PLLC**

By: *s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

8

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 111188

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530